IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATHANIEL L. JOHNSON, :
:
        Petitioner, :
:
v. : Civil Action No. 14-97-RGA
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents. :

## MEMORANDUM OPINION

Nathaniel L. Johnson. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

March 19, 2015
Wilmington, Delaware

*Andrew G Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Nathaniel L. Johnson's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition, contending that the Petition should be dismissed in its entirety. (D.I. 22) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

Linda Hodge was Petitioner's ex-girlfriend. *See State v. Johnson*, 2013 WL 5883211, at *2 (Del. Super. Ct. June 14, 2014). On August 28, 2010, around 5:00 pm., Hodge was washing dishes in the kitchen of her Dover home when Petitioner came up behind her, placed his hands around her neck, and choked her. (D.I. 22 at 1) Hodge was unable to breath. She grabbed a hammer and swung it at Petitioner. Petitioner then fled the residence, but announced that he would be back to get her. Hodge's two children witnessed the attack. Hodge called the police and reported the crime. *Id.*

Approximately four and a half hours later that evening, Petitioner returned to Hodge's home. (D.I. 22 at 1) Hodge and her two children were watching television in the living room when Petitioner threw a rock through a window, shattering a pane of glass as well as a lamp inside. Petitioner attempted to climb in through the window, telling Hodge that: "When I get in there, I am going to kill you." Hodge called 911, and Petitioner fled. *Id.*

The Delaware State Police arrested Petitioner on August 29, 2010. (D.I. 22 at 2) In October 2010, he was indicted on the following thirteen charges: second degree burglary; strangulation; two counts of terroristic threatening; four counts of endangering the welfare of a child; attempted second degree burglary; three counts of second degree reckless endangering; and criminal mischief. *Id.* On March 23, 2011, the first day of his scheduled trial, Petitioner

pled guilty to second degree burglary and strangulation, in exchange for which the State dismissed the remaining eleven charges and agreed to refrain from seeking a habitual offender sentence. *See State v. Johnson*, 2013 WL 5883211, at *1 (Del. Super. Ct. Aug. 13, 2011). That same day, the Superior Court sentenced Petitioner to a total of thirteen years at Level V incarceration, suspended after ten years for one year of Level III probation. *See Johnson v. State*, 83 A.3d 737 (Table), 2013 WL 6858400, at *1 (Del. Dec. 24, 2013). Petitioner did not appeal his convictions or sentence. *Id.*

In April 2011, Petitioner filed a motion for sentence reduction, which the Superior Court denied. *Id.* Petitioner filed a second motion for sentence reduction in May 2011, which was also denied. *Id.*

In March 2012, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on August 16, 2013. *See Johnson*, 2013 WL 5883211, at *1. The Delaware Supreme Court affirmed that decision. *See Johnson,* 2013 WL 6858400, at *2.

## II. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> 
> (A) the applicant has exhausted the remedies available in the courts of the State; or

3

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the

4

claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2005); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was

an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner timely filed the § 2254 Petition presently pending before the Court, asserting the following six grounds for relief: (1) defense counsel provided ineffective assistance during the preliminary hearing because a different assistant public defender actually represented him during the hearing and inadequately cross-examined the arresting officer; (2) defense

counsel provided ineffective assistance by failing to file a motion to dismiss the case and a suppression motion; (3) defense counsel provided ineffective assistance because she coerced Petitioner to plead guilty despite Petitioner's assertions of actual innocence; (4) defense counsel was ineffective because she badgered Petitioner to take the plea; (5) defense counsel failed to make adequate preparations and communicate with Petitioner during the pre-trial stages; and (6) the State engaged in prosecutorial misconduct by threatening Petitioner with a natural life sentence if he proceeded to trial. (D.I. 2 at 8)

Petitioner presented these claims to the Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court denied them as meritless. *See Johnson*, 2013 WL 6858400 (describing the claims on appeal generally); *Johnson*, 2013 WL 5883211, at *2 (describing the claims specifically). Therefore, habeas relief will only be warranted if the Delaware Supreme Court's denial of the claims was either contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts.

### A. Ineffective Assistance of Counsel

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

7

*Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware Supreme Court properly identified the *Strickland/Hill* standard applicable to Petitioner's ineffective assistance of counsel claims. Thus, the Delaware Supreme Court's decision was not contrary to *Strickland* or *Hill*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Turning to the second prong of the § 2254(d)(1) inquiry, the Court must determine if the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing this inquiry, the Court must review the Delaware Supreme Court's decision with respect to Petitioner's ineffective assistance of counsel claims through a

8

"doubly deferential" lens.[2] *Richter*, 562 U.S. at 105. Notably, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

Here, the Delaware Supreme Court denied Petitioner's ineffective assistance allegations, explaining that,

> [i]n this case, we agree with the Superior Court that [Petitioner's] conclusory allegations of ineffective assistance are insufficient to establish that counsel's representation was objectively unreasonable or prejudicial. The record reflects that [Petitioner] thoroughly discussed the State's plea offer with his counsel, that his plea was knowing and voluntary, and that he was satisfied with counsel's representation. In the absence of clear and convincing evidence to the contrary, [Petitioner] is bound by his sworn statements. Accordingly, we find no merit to [Petitioner's] claim that his guilty plea was the result of his counsel's ineffective assistance and that, but for his counsel's errors, he would have gone to trial and been acquitted.

*Johnson*, 2013 WL 6858400, at *2 (footnote omitted)

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v.*

---

[2] As explained by the *Richter* Court,
> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

*Richter*, 562 U.S. at 105 (internal citations omitted).

*Allison*, 431 U.S. 63, 74 (1977). During his guilty plea colloquy, Petitioner stated that he understood the elements of the charges against him; he understood the evidence in his case leading to those charges; he was aware of his rights concerning suppression of evidence; he was entering the guilty plea because he was guilty of second degree burglary and strangulation; he was aware of the maximum penalties he was facing; nobody forced him or threatened him to enter the plea; he had discussed the matter thoroughly with defense counsel; he was satisfied with defense counsel's representation; and that he was freely and voluntarily entering the guilty plea. (D.I. 25, Transcript of Proceedings March 23, 2011 in *State v. Johnson*, ID No. 1008024349, at 4-11) Notably, in this proceeding, Petitioner's unsupported allegations fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Given these circumstances, the Court concludes that the Delaware Supreme Court reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy and that his guilty plea was knowing and voluntary.

Having determined that Petitioner's guilty plea was knowing and voluntary, the Court further concludes that counsel did not perform deficiently, because the statements Petitioner made during his plea colloquy belie his present allegations regarding defense counsel's allegedly deficient actions. Defense counsel's Rule 61 affidavit provides additional support for this conclusion. First, counsel states that she met with Petitioner prior to the preliminary hearing and the police officer who testified during that hearing was adequately questioned. The fact that a different assistant public defender actually represented Petitioner during the preliminary hearing does not constitute ineffective assistance or violate Petitioner's right to counsel. *See Yelardy v. Pierce*, 2014 WL 1339390, at *9 (D. Del. Mar. 31, 2014). Second, counsel explains how she

met with Petitioner seven times prior to the trial date and reviewed the factual and legal issues in his case. Counsel explains that Petitioner did not make any incriminating statements to the police and that she was provided with all discovery. Thus, after considering the issues involved, defense counsel concluded that there was not a sufficient legal basis to support either a motion to dismiss or a suppression motion. Third, counsel explains that she was prepared to go to trial, and that Petitioner never indicated that he did not understand or know about the matters being discussed. Defense counsel describes how the victim, Hodge, was present at the court on the morning of trial, and that Petitioner then met with defense counsel and the State to discuss a plea. Fourth, counsel explicitly denies ever badgering Petitioner, and states that all plea offers were discussed with Petitioner. Finally, defense counsel denies that she did not adequately prepare for trial. (D.I. 25, Amended Affidavit of Suzanne Macpherson-Johnson)

In turn, given the clear benefit Petitioner derived by pleading guilty, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in holding that Petitioner failed to demonstrate the prejudice necessary to establish a successful ineffective assistance of counsel claim. Petitioner faced the prospect of a life sentence as a habitual offender if he was convicted of any one of the felonies he was facing, and a minimum mandatory sentence of twenty-three years. *See Johnson*, 2013 WL 5883211, at *1. Instead, as a result of defense counsel negotiating a plea agreement with the State, Petitioner was sentenced to thirteen years at Level V, to be suspended after serving ten years. Notably, Petitioner does not assert that he would have proceeded to trial and that he would have accepted the risk of being convicted of the eleven charges that were *nolle prossed* as a result of his entering a plea. Petitioner also does not assert that he would have proceeded to trial and have faced the risk of the State seeking habitual

11

criminal sentencing and a possible resulting life sentence. Instead, he states that his "case never should have made it to the trial stage." (D.I. 8 at 4)

To summarize, viewing the Delaware Supreme Court's decision through the doubly deferential lens applicable on habeas review, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying Petitioner's ineffective assistance of counsel claims. Accordingly, the Court will deny Claims One through Five for failing to satisfy § 2254(d).

### C. Claim Six: Prosecutorial Misconduct/Coercion

In his final claim, Petitioner contends that the State coerced him to plead guilty by threatening him with a life sentence. The Delaware Supreme Court rejected this argument, stating

> [W]e find no merit to [Petitioner's] conclusory allegations that the prosecutor and the trial judge engaged in misconduct. [Petitioner] contends that the prosecutor threatened him with a life sentence in order to coerce his guilty plea. A claim of coercion in the plea bargaining process can only be substantiated, however, if the prosecutor threatens to take action that is not legally authorized. In this case, it was true that [Petitioner] faced a possible life sentence as a habitual offender if he was convicted of a another felony. The prosecutor's statement was true and thus legally authorized.

*Johnson*, 2013 WL 6858400, at *2.

Although the Delaware Supreme Court did not cite precedent from the United States Supreme Court, its decision was neither contrary to, nor an unreasonable application of, clearly settled Federal law. In *Parker v. North Carolina*, 397 U.S. 790, 795 (1970), the Supreme Court held that "an otherwise valid plea is not involuntary because [it was] induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." In addition, a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty

rather than face a wide range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 750-51 (1970).

The record demonstrates that Petitioner did, indeed, face the possibility of a life sentence as a habitual offender if convicted of another felony. Therefore, based on *Parker* and *Brady*, the Court concludes that Petitioner's guilty plea is not rendered invalid or coerced merely because he pled guilty to avoid the possibility of a life sentence under Delaware law.

Accordingly, the Court will deny Claim Six for failing to satisfy § 2254(d).

### D. Pending Motions

During the pendency of this proceeding, Petitioner filed two motions to appoint counsel (D.I. 12; D.I. 29). Having decided to dismiss the Petition, the Court will dismiss the motions as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

13

The Court has concluded that the instant Petition does not warrant habeas relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.

The Court has concluded that the instant Petition does not warrant habeas relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.